IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**
August 07, 2023 02:14 PM
SX-2021-CV-00768
**TAMARA CHARLES**
**CLERK OF THE COURT**

## SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| WANDA VIALET as Personal Representative of the Estate of Pauline Figueroa,<br><br>PLAINTIFF,<br><br>v.<br><br>VIRGIN ISLANDS GOVERNMENT HOSPITAL AND HEALTH FACILITIES CORPORATION[1] AND DR. RAYMOND CINTRON, M.D.,<br><br>DEFENDANTS. | Civil No. SX-2021-CV-768<br><br>ACTION FOR DAMAGES<br><br>JURY TRIAL DEMANDED<br><br>CITE AS: 2023 VI SUPER 45 |

**Appearances:**

Mary Faith Carpenter, Esq.
Lee J. Rohn and Associates, LLC
St. Croix, U.S. Virgin Islands
*For Plaintiff*

Royette Russell, Esq.
V.I. Department of Justice
St. Croix, U.S. Virgin Islands
*For Defendants*

## <u>MEMORANDUM OPINION AND ORDER</u>

**WILLOCKS, Administrative Judge**

¶ 1 **THIS MATTER** is before the Court for review *sua sponte*.

## BACKGROUND

¶ 2 On October 18, 2021, Plaintiff Wanda Vialet as Personal Representative of the Estate of Pauline Figueroa (hereinafter "Plaintiff") filed a verified complaint against Defendant Virgin Islands Government Hospital and Health Facilities Corporation (hereinafter "VIGHHFC"), Defendant Dr. Raymond Cintron, M.D. (hereinafter "Dr. Cintron" and together with VIGHHFC,

---

[1] The "Virgin Islands Government Hospitals and Health Facilities" is the correct name, and not the "Virgin Islands Hospitals and Health Facilities Corporation." *See* Title 19 V.I.C. § 243(a) ("There is hereby created the Virgin Islands Government Hospitals and Health Facilities Corporation. The corporation is a body corporate and politic constituting a public benefit corporation of the Government of the Virgin Islands."). As such, the Court will amend the caption to correctly reflect the name of Defendant Virgin Islands Government Hospitals and Health Facilities. *See* V.I. R. CIV. P. 15-2 ("The court may amend any process or pleading for any omission or defect therein, or for any variance between the complaint and the evidence adduced at the trial.").

"Defendants") in connection with the medical treatment Plaintiff's mother Pauline Figueroa (hereinafter "Figueroa") received at Governor Juan F. Luis Hospital and Medical Center (hereinafter "Hospital") in March 202p1. In her complaint, Plaintiff alleged, inter alia: (i) Dr. Cintron is a resident of St Croix, U.S. Virgin Islands, a licensed physician, and the Chief Medical Officer of the Hospital. (Compl. ¶¶ 5, 6); (ii) On March 8, 2021, Figueroa was taken to the Hospital and Plaintiff was informed that Figueroa needed a blood transfusion, but the Hospital did not have the required blood. (Compl. ¶¶ 7-12); (iii) The Hospital attempted to find the required blood for Figueroa and on March 10, 2021, Plaintiff was informed that Figueroa needed to be transferred to a hospital in Florda so that she could get the blood transfusion she needed and Plaintiff, as Figueroa's legal representative, agreed to the transfer. (Compl. ¶ 14-17); (iv) Arrangements were made with a Florida hospital and MASA, and the plane to transfer Figueroa was scheduled to depart on March 10, 2021 evening. (Compl. ¶¶ 19-22); (v) On March 10, 2021, Dr. Cintron claimed he had gotten the required blood and cancelled the transfer without consultation with Plaintiff. (Compl. ¶ 23); (vi) Figueroa died on March 14, 2021. (Compl. ¶ 31.) The complaint did not specify the name(s) of the cause of action(s) Plaintiff is pursuing against Defendants—to wit, Plaintiff did not set forth any counts in separate numbered paragraphs with separate designation of the specific names of each count[2]—but based on the allegations, the Court deduced that Plaintiff alleged at least a cause of action for negligence against Defendants and a cause of action for negligent supervision and training against VIGHHFC.[3]

---

[2] Rule 8 of the Virgin Islands Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief -- because this is a notice pleading jurisdiction -- and the pleading shall be set forth in separate numbered paragraphs as provided in Rule 10(b), with separate designation of counts and defenses for each claim identified in the pleading." V.I. R. CIV. P. 8(a)(2).

[3] In the complaint, Plaintiff alleged:
    COUNT I

¶ 3     On December 28, 2021, Plaintiff filed a notice of proof of service whereby Plaintiff indicated that the complaint and summons were served on Christopher Finch, as the Acting Board of Director for VIGHHFC, Denise George, Esq., Attorney General, and Dr. Cintron. On December 29, 2021, Plaintiff filed a notice of proof of service whereby Plaintiff indicated that the complaint and summons were served on Albert Bryan, Jr., Governor of the Virgin Islands.

¶ 4     On January 10, 2022, Defendants jointly filed an answer and affirmative defenses to Plaintiff's complaint. This matter is currently scheduled for a status conference on August 10, 2023.

## DISCUSSION

¶ 5     Plaintiff did not specifically state in her complaint that this is a medical malpractice action. Nevertheless, based on the allegations, the Court finds that Plaintiff's claims may implicate the Virgin Islands Medical Malpractice Act (hereinafter "VIMMA") and the Virgin Islands Torts Claim Act (hereinafter "VITCA"). If both acts are implicated, then compliance with the pre-filing requirements of both the VIMMA and the VITCA are mandatory in order for the Court to have

---

35. The Plaintiffs set forth paragraphs 1 through 34 as if fully set forth herein.
36. The Defendants were negligent.
37. As a result Plaintiff Pauline Figueroa and her Estate had suffered damages.
COUNT II
38. The Plaintiffs set forth paragraphs 1 through 37 as if fully set forth herein.
39. Defendants unilaterally rescinded medical decisions as to Pauline Figueroa, without Wanda Vialet's agreement which they had no authority to do.
40. As a result damages were suffered.
COUNT III
41. The Plaintiffs set forth paragraphs 1 through 40 as if fully set forth herein.
42. Defendant Virgin Islands Hospital and Health Facilities Corporation failed to supervise Dr Raymond Cintron and properly train him.
43. As a result damages were suffered.
(Comp. ¶ 35-43.)

subject matter jurisdiction[4] because the VIMMA and the VITCA have different functions. In *Brady v. Cintron*, the Virgin Islands Supreme Court noted that "[t]he purpose of the MMA and the Committee review process is to eliminate claims lacking merit and encourage prompt settlement of meritorious claims" and "[i]t specifically seeks to prevent actions from being filed in courts until after the statutory requirements of the MMA are fulfilled." 55 V.I. 802, 813 (V.I. 2011) (internal quotation marks and citation omitted); *see* Title 27 V.I.C. § 166i(a) ("There is established within the Office of the Commissioner of Health a Medical Malpractice Action Review Committee (referred to in the rest of this section as "the Committee") the purpose of which shall be to arrange for expert review of all malpractice claims before actions based upon such claims are commenced in court."). In *Brunn v. Dowdye*, the Virgin Islands Supreme Court identified that the legislative intent behind the pre-filing notice requirement under the VITCA is to afford the Government an opportunity to "make an investigation in order to determine if the claims should be settled without suit." 59 V.I. 899, 911 (V.I. 2013); *see Phillips v. Gov't of the V.I*, 1984 V.I. LEXIS 38, at *3 (V.I. Terr. Ct. Aug. 14, 1984) ("The purpose behind the ninety-day notice provision of the Tort Claims Act is to prevent the presentation of stale claims so that the Government has an adequate opportunity to investigate and to explore the merits of a claim and to pursue a settlement while the evidence remains fresh in the memory of witnesses."). More importantly, "[t]he VITCA provides the mechanism by which persons may sue the Government in tort in the courts of the Virgin Islands." *Fleming v. Cruz*, 62 V.I. 702, 718 (V.I. 2015). Furthermore, there is no indication in either the VIMMA or the VITCA that compliance with the pre-filing requirements of one excuses the compliance with the pre-filing requirements of the other. As such, the Court must apply the

---

[4] As the Court explains below, the Court finds that the pre-filing requirements of both the VIMMA and the VITCA are jurisdictional.

law as it currently exists since lower courts are required to follow precedent even when it may be in tension with certain decisions. *See Mallory v. Norfolk S. Ry.*, 143 S. Ct. 2028, 2038 (2023) ("As this Court has explained: 'If a precedent of this Court has direct application in a case,' as *Pennsylvania Fire* does here, a lower court 'should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.' This is true even if the lower court thinks the precedent is in tension with 'some other line of decisions.'") (citations omitted).

### 1. VIMMA

#### a. Whether the VIMMA is Applicable

¶ 6     As an initial matter, the Court must determine whether Plaintiff's claims constitute medical malpractice for purposes of the VIMMA. Under the VIMMA, medical malpractice "means any tort or breach of contract based on health care or professional services rendered, or which should have been rendered by a health care provider, to a patient," Title 27 V.I.C. § 166(f), health care "means any act, or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment or confinement," Title 27 V.I.C. § 166(b), and health care provider "means a person, corporation, facility or institution who must be licensed by this territory to provide health care or professional medical services including a medical, osteopathic, chiropractic or naturopathic physician, hospital, dentist, registered or licensed practical nurse to include the Advanced Practice Registered Nurse, optometrist, podiatrist, physical therapist, psychologist, paramedical personnel, emergency medical technician, pharmacist and laboratory technician," Title 27 V.I.C. § 166(c). Here, Plaintiff's claims are torts based on health care or professional services rendered by Dr. Cintron, a licensed physician in the U.S. Virgin Islands, to Figueroa, as a patient, at the Hospital, a hospital managed by VIGHHFC. Thus, Plaintiff's claims, brought on behalf of the estate of

Figueroa, constitute medical malpractice as defined by the VIMMA and is subject to the requirements of the VIMMA.

### b. Pre-Filing Requirements of the VIMMA

¶ 7     The VIMMA establishes a pre-filing jurisdictional requirement before a plaintiff may commence a medical malpractice action under the jurisdiction of the Superior Court. *Daley-Jeffers v. Graham*, 69 V.I. 931, 936 (V.I. 2018) (citing *Brady v. Cintron*, 55 V.I. 802, 815 (V.I. 2011) (concluding that section 166i imposes pre-filing jurisdictional limitations on the Superior Court's ability to hear medical malpractice claims)). More specifically, the VIMMA provides that "[n]o action against a health care provider may be commenced in court before the claimant's proposed complaint has been filed with the [Medical Malpractice Action Review] Committee and the [Medical Malpractice Action Review] Committee has received the expert opinion as required by this section, provided, that if said opinion is not received by the [Medical Malpractice Action Review] Committee within ninety days from the date the complaint was filed with the [Medical Malpractice Action Review] Committee, the claimant may commence his action against the health care provider in court." Title 27 V.I.C. § 166i(b). "The proposed complaint shall be deemed filed when a copy is delivered or mailed by registered or certified mail to the Commissioner of Health." Title 27 V.I.C. § 166i(c).

¶ 8     Here, there is no indication from the complaint that Plaintiff has complied with the pre-filing requirements of the VIMMA. Thus, it is unclear whether the Court has subject matter jurisdiction over this matter. *See Brady*, 55 V.I. at 820 ("[T]he requirements of section 166i are non-waivable jurisdictional conditions that must be satisfied in order to vest the Superior Court with subject matter jurisdiction to hear an individual's medical malpractice claims."); *see also, Daley-Jeffers v. Graham*, 69 V.I. 931, 939 (V.I. 2018). "It is well established that a court may

consider the issue of subject matter jurisdiction sua sponte. This is because, prior to considering the merits of a matter before it, a court is obligated to examine whether it has subject matter jurisdiction over the dispute." *Clarke v. Lopez*, 73 V.I. 512, ¶ 9 (V.I. 2020) (internal quotation marks and citations omitted); *see* V.I. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). As such, the Court will grant Plaintiff leave to amend her complaint to include allegations regarding the pre-filing requirements of the VIMMA. Given that the pre-filing requirements of the VIMMA concerns the Court's subject matter jurisdiction over this matter, the Court will require Plaintiff to plead facts demonstrating her compliance with the pre-filing jurisdictional requirements of the VIMMA, such as the date she filed a proposed complaint with the Medical Malpractice Action Review Committee and the date the expert opinion was received (or that ninety days has elapsed since the filing of her proposed complaint)[5] so that the Court can "examine whether it has subject matter jurisdiction over the dispute," *Clarke*, 73 V.I. 512, ¶ 9; *see Daley-Jeffers*, 69 V.I. at 939. A single conclusory allegation simply stating that Plaintiff has complied with all the pre-filing jurisdictional requirements of the VIMMA will not suffice. Alternatively, if Plaintiff did not comply with all the pre-filing jurisdictional requirements of the VIMMA, Plaintiff should plead facts indicating why she is not required to comply.

---

[5] The VIMMA provides that "[u]pon receipt by the [Medical Malpractice Action Review] Committee of an expert opinion, the Commissioner of Health shall immediately forward a copy of the opinion to the plaintiff and defendant." Title 27 V.I.C. § 166i(d)(4).

## 2. VITCA

### a. Whether the VITCA is Applicable

¶ 9    The Revised Organic Act grants sovereign immunity to the Government of the Virgin Islands for tort claims. *See* Title 48 U.S.C. § 1541(b) ("That no tort action shall be brought against the government of the Virgin Islands or against any officer or employee thereof in his official capacity without the consent of the legislature constituted by this Act [48 USCS § 1541 *et seq.*].""). As noted above, "[t]he VITCA provides the mechanism by which persons may sue the Government in tort in the courts of the Virgin Islands." *Fleming*, 62 V.I. at 718; *see* Title 33 V.I.C. § 3408(a) ("Subject to the provisions of section 3416 of this chapter, the Government of the United States Virgin Islands hereby waives its immunity from liability and action and hereby assumes liability with respect to injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government of the United States Virgin Islands while acting within the scope of his office or employment, under circumstances where the Government of the United States Virgin Islands, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. The Government consents to have the liability determined in accordance with the same rule of law as applied to actions in the courts of the Virgin Islands against individuals or corporations; Provided, That the claimant complies with the provisions of this chapter."). Here, based on the allegations, Plaintiff sued the "Government of the Virgin Islands" and "Employees of the Government" when she sued VIGHHFC and Dr. Cintron, the Chief Medical Officer of the Hospital, a hospital managed by VIGHHFC. *See* Title 33 V.I.C. § 3401 ("As used in this chapter, the term: 'Government of the Virgin Islands' includes... the Virgin Islands Government Hospitals and Health Facilities Corporation... [and] 'Employee of the Government' includes elected or appointed

officials, employees, members of Governing Boards and Commissions and other persons acting on behalf of the Government of the United States Virgin Islands."). As such, the VITCA is applicable to the facts of this case.

### b. Pre-Filing Requirements of the VITCA

¶ 10    The VITCA provides that "[n]o judgment shall be granted in favor of any claimant unless such claimant shall have complied with the provisions of this section [3409]." Title 33 V.I.C. § 3409. The provision applicable to this case is section 3409(c):

> No judgment shall be granted in favor of any claimant unless such claimant shall have complied with the provisions of this section applicable to his claim:

> [A] claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the Government of the United States Virgin Islands while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim.

> Title 33 V.I.C. § 3409(c).

The VITCA further provides the requirements concerning the claim or the notice of intention:

> The claim or notice of intention shall be filed in the Office of the Governor and a copy shall be served upon the Attorney General and a written receipt therefor shall be issued with the date of filing indicated thereon. The claim shall state the time when and the place where such claim arose, the nature of same, and items of damage or injuries claimed to have been sustained and the total sum claimed. The notice of intention to file a claim shall set forth the same matters except that the items of damage or injuries and the sum claimed need not be stated. The claim and notice of intention to file a claim shall be verified.

> Title 33 V.I.C. § 3410.

¶ 11    The Court recognizes that, unlike the VIMMA, the Virgin Islands Supreme Court has not yet determined whether the pre-filing requirements of the VITCA are jurisdictional or claims processing rules. *See e.g., Alexander v. Wilson*, 73 V.I. 528 ¶ 13 (V.I. 2020) ("It remains an issue of first impression in the Virgin Islands whether the pertinent provisions of the VITCA are

jurisdictional, or claims-processing rules which may be waived."); *Fleming v. Cruz*, 62 V.I. 702, 718 n.13. (V.I. 2015) ("In this case, we do no decide whether the VITCA's claim-filing requirements are jurisdictional…We leave a decision on whether the VITCA's claim-filing mandates are jurisdictional for another day."). However, in *Richardson v. Knud Handsen Mem'l Hosp.*, 744 F. 2d 1007, 1010 (3d Cir. 1984), the Third Circuit Court of Appeals held that compliance with the pre-filing requirements under the VITCA are jurisdictional, and *Richardson* remains binding on the Virgin Islands Superior Court. *See e.g., Yuxiang Peng v. Williams*, 67 V.I. 482, 485, n.2 (V.I. Super. Ct. July 24, 2017);[6] *Christopher v. Gov. Juan F. Luis Hosp. & Med.*

---

[6] In *Yuxiang Peng*, the Court addressed the issue of whether *Richardson* is still binding on Virgin Islands Superior Court:

> In *Richardson*, the Third Circuit Court of Appeals — exercising its power as the final arbiter of Virgin Islands local law — held that the terms under which the Government of the Virgin Islands consented to waive its immunity from tort liability, as embodied in the VITCA, are jurisdictional and "It follows that the terms may not be waived." 744 F.2d at 1010. The Supreme Court of the Virgin Islands has made it clear that decisions rendered by the Third Circuit while serving as the de facto court of last resort in the Virgin Islands "are binding upon the Superior Court of the Virgin Islands even if they would only represent persuasive authority when [the Supreme Court] considers an issue." *Najawicz v. People of the Virgin Islands*, 58 V.I. 315, 327-28 (V.I. 2013) (internal citation omitted); *see also In re People of the Virgin Islands*, 51 V.I. 374, n.9 (V.I. 2009). Thus, the Third Circuit's holding in *Richardson* remains binding on this Court.

> The Court notes that, while the case in *Richardson* originated in the District Court of the Virgin Islands in 1980, the District Court was acting as a territorial court when it adjudicated Richardson's claim for wrongful death. See *Callwood v. Enos*, 230 F.3d 627, 43 V.I. 293, 297-98 (3d Cir. 2000) (The District Court of the Virgin Islands used to have general original jurisdiction over all civil actions arising under territorial law in which the amount in controversy was more than $500); see also *Carty v. Beech Aircraft Corp.*, 679 F.2d 1051, 1057, 19 V.I. 641 (3d Cir. 1982) (characterizing jurisdiction of the District Court of the Virgin Islands under the Revised Organic Act prior to the 1984 amendments as "more like a state court of general jurisdiction than a United States district court."). For a detailed description of the development of the judiciary of the Virgin Islands, see *James-St. Jules v. Thompson*, 2015 V.I. LEXIS 74, at *16-20.

67 V.I. 482, 485, n.2 (V.I. Super. Ct. July 24, 2017).

Furthermore, the Court notes that in this instance, the Court need not undertake a *Banks* analysis concerning the VITCA because it is an issue of statutory interpretation rather than a determination of common law. *See In re L.O.F.*, 62 V.I. 655, 661 n.6 (V.I. 2015) (The Supreme Court of the Virgin Islands has established that a *Banks* analysis is not required for statutory interpretation.); *see also, Smith v. Henley*, 67 V.I. 965, 970 n.2 (V.I. 2017) ("A *Banks* analysis was unnecessary, however, because the issue here is purely a matter of statutory interpretation, not common law."); *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967 (V.I. 2011). Additionally, the Court also notes that in *Wallace v. People of the V.I.*, the Virgin Islands Supreme Court reaffirmed that "[i]t is true that prior decisions of the Appellate Division remain binding upon the Superior Court unless overturned by this Court." 71 V.I. 703, 738 n.5 (V.I. 2019) (citing *Defoe v. Phillip*, 56 V.I. 109, 119 (V.I. 2012) ("This Court is not required to follow … decisions of the District Court or the Third Circuit interpreting local Virgin Islands law. In addition to previously holding that decisions of our predecessor court, the Appellate Division of the District Court of the Virgin Islands, are

*Ctr.*, 2016 165, *11 (V.I. Super. Ct. Oct. 12, 2016) ("despite any contrary intimations from the Supreme Court, this Court is bound by the Third Circuit's precedent in *Richardson*, and must consider challenges to the VITCA's prefiling requirements as challenges to subject matter jurisdiction unless and until the Supreme Court of the Virgin Islands conclusively determines otherwise"); *Hansen v. Gov. Juan F. Luis Hosp. & Med. Ctr.*, 2018 V.I. LEXIS 87, *9 (V.I. Super. Ct. June 22, 2018).

¶ 12    Here, there is no indication from the complaint that Plaintiff has complied with the pre-filing requirements of the VITCA.[7] Thus, it is unclear whether the Court has subject matter jurisdiction over this matter. As noted above, the Court may raise the issue of its own jurisdiction sua sponte. *See Clarke v. Lopez*, 73 V.I. 512, ¶ 9 (V.I. 2020) (internal quotation marks and citations omitted); *see also*, V.I. R. CIV. P. 12(h)(3). As such, the Court will grant Plaintiff leave to amend her complaint to include allegations regarding the pre-filing requirements of the VITCA. Given

---

not binding on us, we have also recently held that this Court — unlike the Superior Court — is not compelled to treat the Third Circuit's interpretation of Virgin Islands law as binding precedent: 'Although the establishment of this Court has changed the relationship between the local Virgin Islands judiciary and the Third Circuit, this Court's creation did not erase pre-existing case law, and thus precedent that was extant when the Court became operational continues unless and until this Court address the issues discussed there. Accordingly, decisions rendered by the Third Circuit and the Appellate Division of the District Court are binding upon the Superior Court even if they would only represent persuasive authority when this court considers an issue.'" (quoting *Judi's of St. Croix Car Rental v. Weston*, 49 V.I. 396, 403 n.7 (V.I. 2008); *In re People of the V.I.*, 51 V.I. 374, 389 n.9 (V.I. 2009)))). The Court is nevertheless cognizant that, in *Hamed v. Hamed*, the Virgin Islands Supreme Court held that "decisions of the Appellate Division and the Third Circuit addressing issues of Virgin Islands common law are no longer binding on the Superior Court," 63 V.I. 529, 535 (V.I. 2015) (citing *Gov't of the V.I. v. Connor*, 60 V.I. 597, 605 n.1 (V.I. 2014)), and that "decisions issued by the Appellate Division after 2007, like decisions of the District Court or Third Circuit heard through diversity or supplemental jurisdiction, are not binding on the Superior Court," 63 V.I. at 535 (citing *Better Bldg. Maint. of the V.I., Inc. v. Lee*, 60 V.I. 740, 755-56 (V.I. 2014); *Walters v. Walters*, 60 V.I. 768, 777 n.10 (V.I. 2014); *People v. Simmonds*, 56 V.I. 84, 90 (V.I. Super. Ct. 2012); *Edwards v. HOVENSA, LLC*, 497 F.3d 355, 359-61 (3d Cir. 2007)). However, *Richardson* did not concern common law and it was issued prior to 2007. As such, until the Virgin Islands Supreme Court explicitly declares that all decisions of the Appellate Division and the Third Circuit are no longer binding on the Virgin Islands Superior Court or definitively proclaims that the pre-filing requirements of the VITCA are not jurisdictional, the Court continues to find *Richardson* binding.

[7] As noted above, Plaintiff served a copy of the complaint upon Attorney General Denise George, Esq. and Governor of the Virgin Islands Albert Bryan, Jr. on December 28, 2021 and December 29, 2021, respectively. However, they were not served within ninety days after the accrual of the claims as mandated by the VITCA.

that the pre-filing requirements of the VITCA concerns the Court's subject matter jurisdiction over this matter, the Court will require Plaintiff to plead facts demonstrating her compliance with the pre-filing jurisdictional requirements of the VITCA, such as the date the claim or the notice of intention was "filed in the Office of the Governor" and the date a copy was "served upon the Attorney General" so that the Court can "examine whether it has subject matter jurisdiction over the dispute," *Clarke*, 73 V.I. 512, ¶ 9; a single conclusory allegation that Plaintiff has complied with all the pre-filing jurisdictional requirements of the VITCA will not suffice. Alternatively, if Plaintiff did not comply with all the pre-filing jurisdictional requirements of the VITCA, Plaintiff should plead facts indicating why she is not required to comply.

## CONCLUSION

¶ 13 Based on the foregoing, the Court will grant Plaintiff leave to amend her complaint and vacate the August 10, 2023 status conference. The Court will determine whether the Court has subject matter jurisdiction over this matter based on Plaintiff's submission. Accordingly, it is hereby:

**ORDERED** that, **within thirty (30) days from the date of entry of this Memorandum Opinion and Order**, Plaintiff shall file a proposed first amended complaint and plead facts demonstrating her compliance with the pre-filing jurisdictional requirements of the VIMMA and the VITCA in accordance with this Memorandum Opinion and Order, or alternatively plead facts indicating why Plaintiff is not required to comply. The proposed first amended complaint shall comply with the Virgin Islands Rules of Civil Procedure. No other amendment is permitted without leave of the Court. Plaintiff is notified that failure to file a proposed first amended complaint within the thirty-day deadline **SHALL CONSTITUTE PLAINTIFF'S ADMISSION** that the Court lack subject matter jurisdiction over this matter. It is further:

**ORDERED** that, **within thirty (30) days from the date of entry of this Memorandum Opinion and Order,** Plaintiff shall file also file a redline copy of the proposed first amended complaint reflecting the changes made to the initial complaint. It is further:

**ORDERED** that the status conference scheduled for August 10, 2023 is **VACATED. And** it is further:

**ORDERED** that the **CAPTION IS AMENDED** to reflect Defendant "Virgin Islands Government Hospitals and Health Facilities" in place of Defendant "Virgin Islands Hospitals and Health Facilities" and all future filings shall so reflect.

**DONE and so ORDERED this _7th_ day of August, 2023.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor II
Dated: _8/7/2023_

HAROLD W.L. WILLOCKS
**Administrative Judge of the Superior Court**

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**

August 07, 2023 02:17 PM
SX-2021-CV-00768
**TAMARA CHARLES**
**CLERK OF THE COURT**

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Croix

**Wanda Vialet (Personal Rep. Of The Estate of Pauline Figueroa,**
**Plaintiff**

v.

**Virgin Islands Hospital and Health Facilities Corporation et al,**
**Defendant.**

Case Number: **SX-2021-CV-00768**
Action: **Malpractice**

## NOTICE of ENTRY
## of
## Memorandum Opinion and Order

**To**  Lee J. Rohn, Esq.                          Royette V. Russell, Esq.

**Please take notice that on August 07, 2023**
**a(n)**         Memorandum Opinion and Order
dated      **August 07, 2023**      was/were entered
by the Clerk in the above-titled matter.

**Dated**  **August 07, 2023**

**Tamara Charles**
**Clerk of the Court**

By:

**Janeen Maranda**
**Court Clerk II**